## M'Dougall *against* A. and W. Sitcher, and Weeks.

A purchaser
of real estate,
under a *fieri fa-
cias*, may enter

THIS was an action of trespass *quare clausum fregit*, for
entering the house of the defendant in the city of New-York.
and take possession of the premises in a peaceable manner, though some goods
of the former proprietor are left on the premises, and though they may be occasionally occu-
pied by his servants *Note* A purchaser of lands under a *fi. fa.* where there was a tenant in
possession, may maintain ejectment, the person in possession being considered as a
tenant *at will* to the purchaser. *Jackson ex dem. Kane* v. *Sternbergh. Note:*

It was tried before Mr. C. J. *Lewis* at the New-York sittings, the 11th day of April, 1803. In September, 1801, about a week before the trespass complained of, the plaintiff was taken in execution, and confined within the limits of the gaol in the city of New-York, where he remained with his family at the time of the supposed trespass. By his direction, a label, or removal-plate, was put up, on the outside of the door of the house in question, informing the public that he had removed. During the time, however, his apprentices continued daily at the shop, which is the *locus in quo,* employed in the business of the plaintiff, and they shut up and locked the house every evening when they left it. In the morning, after the apprentices had so left the house, the defendants were found in possession, and the lock appeared to have been forced from the door. The plaintiff, who is a painter and glazier, left property, consisting of paints and glass, of a considerable value, in the house. The goods, or a greater part of them were, afterwards, sent to the plaintiff, by order of the defendants.

The defendants offered to give in evidence, in justification, that previous to the supposed trespass, the premises in question were sold by the sheriff, under an execution against the plaintiff ; that one Ebenezer Clark became the purchaser, by whose licence and authority the defendants entered , and further, that one of the defendants derived a title to the premises from such sale, and that the other defendants entered with him as his servants. This evidence was overruled by the judge, and the jury found a verdict for the plaintiff, for forty dollars, damages.

A motion was made to set aside the verdict 1. For the misdirection of the judge. 2. Because the verdict was against evidence.

The cause was argued at the last term, by *Colden* for the plaintiff, and *Evertson* for the defendants.

LIVINGSTON, J. now delivered the opinion of the court.

May the purchaser of real estate, under a *fieri facias,* enter on it, in a peaceable manner, though some goods of the former proprietor, who was the judgment-debtor, be left on

ALBANY,
Feb. 1806.

M'Dougall
v.
Sitcher & another.

ALBANY,
Feb. 1806.

M'Dougall
v
Sitcher & another.

the premises, without being answerable to the latter as a trespasser?

This is a suit not entitled to much favor, and unless some very inflexible rule require it, the *postea* should not be permitted to pass into the plaintiff's hands. Fortunately, however, no such rule exists. Under such sale, the plaintiff's interest, which may have been a fee-simple, for aught that appears, vested in the purchaser: a right of entry was of course acquired, and in an ejectment, the judgment and sheriff's deed, would have been conclusive against M'Dougall. Under an *elegit*, though the land be not delivered to a plaintiff, he may enter without waiting until the sheriff receive a *liberate*.* Why then should not the same course obtain on a *fi. fa.* where the property, instead of being extended, is absolutely sold? The goods, which were left, could not prevent the entry's being peaceable. They were incapable of resistance, and, therefore, no breach of peace could ensue. If it had, the defendants might, perhaps, have been indicted, but this would not have rendered them trespassers on a party, who had no longer any interest in the *locus in quo.* At any rate, the entry must now be intended to have been peaceable, as all the proof to that point was overruled. The case from Strange§ proves only, that beer being left in a cellar, the house could not be proceeded against, as a *vacant* possession; but whether the landlord's sealing a lease on it *as such*, made him a trespasser, did not come in question. A court would hardly have considered a barrel of ale, stowed below, as capable of defending a dwelling house against intruders. We have heard, in this country, of a battle of kegs; but with poetical fictions we have nothing to do.

If necessary, we might ask, how it appears that any goods were on the premises? It is true, one witness said so; but if the defendant's testimony had been admitted, who can say this might not have been disproved, if such dereliction were requisite to render an entry peaceable. But admitting the fact, it would not, perhaps, be too much to say, that where the debtor himself is in possession, a sheriff would have a right

* Rolles abrid. 738.

§ Vol. 2 1063. Savage v. Dent.

to turn him out, and put in a purchaser. Without, however, going this length, which is not essential to a decision of the point before us, it is not risking too much to say, that a purchaser at a sheriff's sale may enter upon the property left in the situation this was, by one who was defendant in the judgment—that he may retain the possession, and plead it to be his soil and freehold to any suit brought by the debtor. There must, therefore, be a new trial, with costs to abide the event of the suit.*

New trial granted.

\* *Taylor* v. *Cole* 3 D. & E. 292. This was an action of trespass against a sheriff for breaking and entering a house, and expelling the plaintiff. The defendant justified under a *fi. fa.* by which he sold the interest of the plaintiff in the premises to one Harris, who afterwards peaceably entered and expelled the plaintiff. The K. B. held that a purchaser, under a sheriff's sale, on an execution, might peaceably enter and retain possession, and might plead that it is his soil and freehold; that whoever had a right of entry could not be considered as a trespasser for asserting that right, unless he did it *by force.* The common plea of *liberum tenementum,* proved this. *Buller* J. was inclined to think, that the sheriff on the *fi. fa.* might turn the *debtor* out of possession.

In the case of *Jackson ex dem. Kane* v. *Sternbergh,* decided in this court in October term, 1799, in which it was held that an adverse possession was not to be presumed, but must be positively shewn, the debtor in possession was considered a *mere tenant at will* to the plaintiff. The facts in this case were, as follows. The plaintiff had obtained a judgment against the defendant, on which an *alias fieri facias* issued, and the lands in question were taken and sold by the sheriff on the execution. By the desire of the plaintiff, one Cox, attended the sheriff's sale, to bid, and became the purchaser. The sheriff executed a deed to him, and on the same day, Cox executed a deed to the plaintiffs. The sheriff returned on the execution that he had made &c. out of the goods and chattels, lands and tenements of defendant, &c. and it was objected he did not specify that he had taken the land, for want of sufficient goods nd chattels. The defendant, during all the time, remained in actual possession of the premises, and refused to surrender to the plaintiffs who brought their action of ejectment to recover the possession.

*Van Vechten* for plaintiff, *Metcalf* for defendants.

*Per Curiam.* Shewing the *alias fi. fa.* was sufficient. The return of the sheriff was substantially correct, at least so far as not to defeat the sale. The lessors of the plaintiff were the real purchasers, by *Cox* their agent, and his purchase was a *resulting trust* which might be proved by *parol.* By the sale of the sheriff, the tenant in possession, became *quasi tenant at will* to the plaintiff, and in such case, no adverse possession will be presumed.