## SPRINGSTEIN *against* FIELD.

In an action for slander, the plaintiff's general character is in issue
General suspicion that plaintiff had been guilty of the offence charged upon
   him in the words spoken, may be offered in mitigation.

THIS was an action of slander, for charging the plaintiff with burning a barn.

Plea, *Non Cul.* -

*Anthon*, for defendant, offered to prove, in mitigation of damages, that in April, 1816, a certain barn had been burnt down at New Town, Long Island. That the plaintiff was a man of very bad character, and that, immediately after the burning of the barn, he was generally suspected as the incendiary.

*Bogardus* and *Price*, contra.

SPENCER, J. That the defendant was generally suspected to be guilty of the crime charged against him, is admissible in mitigation of damages. His general character, is also inquirable into. For particular reasons, I gave no opinion in the case of *Foote* v. *Tracy*, 1 Johns. 45. I have, however, fully considered the question, and have no doubt on the subject.

Plaintiff submitted to a non-suit.(1)

(1) In the case of *Foot* v. *Tracy*, (1 Johns. 45,) which was an action for a libel, the defendant offered to prove the general character of the plaintiff, to be so bad, as not to entitle him to more than mere nominal damages. This

Springstein v. Field.

testimony being overruled, the question came before the supreme court, but the court being equally divided, no final decision took place. Thompson, J., and Kent, C. J., were of opinion that the testimony was admissible, and that it was not just that a man of infamous character should, for the same libellous matter, be entitled to equal damages, with the man of unblemished reputation. That the character of the plaintiff must be considered as coming in, at least collaterally, upon the trial, that it is always alleged in the declaration as the inducement to the action, and the injury to it, is the gravamen complained of.

Tompkins, J., and Livingston, J., were of opinion, that the evidence was not admissible. That no one, however low a man's reputation be, has a right to publish slanders of him, or to charge him with crimes of which he is innocent. If he confines himself to the truth, he can plead it; but if he will deal in general invective, or indulge his wit and venom, by traveling out of the record, he must abide the consequences.

As to the admissibility of general suspicion of plaintiff's guilt, in mitigation of damages, the reader will find this subject noticed in the note to *Else* v. *Ferris, ante,* p. 36. Since writing that note, another case, on the same head, has passed under consideration in the K. B. *Moore's case,* 1 Maule & Selw. 284. In that case, the court confirmed the case of *Leicester* v. *Walter,* and Lord Ellenborough places the decision on the broad ground, that a person of disparaged fame, is not entitled to the same measure of damages, with one whose character is unblemished, and that it is competent to show that by evidence. Testimony of this nature, however, it seems, is not admissible, when the defendant pleads a justification. *Snowdon* v. *Smith,* 1 M. & S. 286, n.

This well established rule of pleading is now, however, seriously affected by the New York Code of Procedure. It is provided, in sec. 165, that, in actions for libel or slander, the defendant may, in his answer, allege both the truth of the matter charged as defamatory, and any mitigating circumstances to reduce the amount of damages, and whether he prove the justification or not, he may give in evidence the mitigating circumstances. I am not aware of any action by the courts on this section. It admits, in my judgment, of a very serious doubt, whether this departure from the old rule, is not a dangerous innovation, holding out a very unnecessary encouragement to a very mean vice, under the semblance of a high moral feeling. Courts of justice are the best vindicators of social outrages, injustice is invariably involved in all private vindications. It is better, in such cases, to strengthen the arm of the law. The first false step, on this subject, was a departure, by the judges, from the spirit of the common law, when they endeavored to suppress slander by interpreting words in *mitiori sensu.* *Vide* Anthon's Law Student, 185.