John V. Farwell Co. vs. Hilbert and others.

91        437|
s30 LRA    235
30 LRA 794n
31 LRA  40n
31 LRA 200n
31 LRA 202n
31 LRA 761n

JOHN V. FARWELL COMPANY, Appellant, vs. HILBERT and others, Respondents.

*November 8 — November 26, 1895.*

*Debtor and creditor: Fraud: Equity: Setting aside judgment on cognovit: Signature of attorney to answer.*

1. In an action to set aside judgment notes, judgments thereon, and the levies of executions issued on such judgments, findings of the trial court to the effect that the judgments were founded on *bona fide* debts actually due for moneys advanced, and that all charges of conspiracy, collusion, and fraud against the judgment creditors were untrue and without foundation, are *held* to have been warranted by the evidence.

2. The answer of confession upon which judgment was entered upon a note with warrant of attorney, under sec. 2896, R. S., was signed by plaintiff's attorney in the name of the defendants' attorney, at the request of the latter, who had duly authorized such signing and who afterwards ratified the same. *Held*, that such method of signing was an irregularity merely and did not render the judgment void.

3. A court of equity will not interfere to enjoin or set aside a judgment at law, even if it is void for want of jurisdiction, unless it is shown to be unjust or inequitable.

APPEAL from a judgment of the circuit court for Dodge county: A. SCOTT SLOAN, Circuit Judge. *Affirmed.*

This action was brought to set aside two judgment notes, and judgments entered thereon, and levies of execution made to satisfy the same, namely, a judgment note in favor of *Lucy Ellen Hilbert*, against the defendants *G. B. Hilbert* and *H. M. Johnson*, for $5,423.19, dated August 27, 1892, upon which judgment was entered in her favor against them in the circuit court for Dodge county, December 30, 1893, for $5,421.51; and a judgment note in favor of the defendant *James J. Hilbert* against the defendant *G. B. Hilbert* for $2,105.05, dated December 11, 1893, upon which judgment was entered in his favor against said *G. B. Hilbert*, in

the same court, on the 30th day of December, 1893, for $2,140.60. These executions were levied by the defendant *Peters*, sheriff of Dodge county, on the same day. The executions were levied upon the stock of merchandise of the defendant *G. B. Hilbert*, which was sold thereunder, and the money realized was $4,500.

It appeared that the plaintiff was also a creditor of the said *G. B. Hilbert* and *H. M. Johnson* for goods sold and delivered to them while engaged in the mercantile business, to the amount of $946.79, for which it had caused a writ of attachment to be issued in its action against said *Hilbert & Johnson* in the same court, and delivered to the sheriff of said county to be levied on the same stock of merchandise; and it was alleged that *Hilbert & Johnson*, on the 30th day of December, 1893, were insolvent, and unless the court should enjoin the payment of the proceeds of said stock of goods in satisfaction of said executions in favor of the defendants *Lucy Ellen Hilbert* and *James J. Hilbert* until it could recover judgment on its demand and intervene to claim said money, the plaintiff's claim and remedy to collect it out of said stock or the proceeds thereof would be lost.

It was further alleged that said defendant *Lucy Ellen Hilbert* is the wife of the defendant *James J. Hilbert*, and that they are the parents of *G. B. Hilbert;* that on or about August 20, 1892, said *G. B. Hilbert* and *H. M. Johnson* formed a partnership to carry on the mercantile business at Waupun, and that the defendant *Lucy Ellen Hilbert* purchased a stock of goods for her said son to start him in said business, and it was claimed that the money so used for that purpose was a gift to him; that on or about the 12th of January, 1893, said *Hilbert & Johnson* obtained credit of the plaintiff to the amount of $2,417.53, upon which a balance of $946.79 still remains unpaid, on the representation that they were the sole owners of the stock and had paid for the same in cash and owed no debts except such as they had in-

curred, since their purchase, for goods in their business, and that the said *Lucy Ellen Hilbert* knew of such representations and that the plaintiff trusted *Hilbert & Johnson*, relying on the same; that she conspired with them to keep secret the existence of her said judgment note against them, and that it was understood that if the said business was not successful she could, by collusive and fraudulent confession of judgment in her favor, absorb the stock and secure the same or the avails thereof to her use, and cheat and defraud the creditors of *Hilbert & Johnson*. Various other matters were alleged to show that the dealings of *Hilbert & Johnson* and of *Lucy Ellen Hilbert* in relation to said stock of goods were fraudulent as against the creditors of *Hilbert & Johnson*.

It was also alleged that both of said judgments were entered by collusion by and between the said *Lucy Ellen Hilbert* and *James J. Hilbert* and their said son, *G. B. Hilbert*,— C. E. Hooker, Esq., acting in the recovery thereof for the respective plaintiffs, so that they might secure to themselves the proceeds of said stock on said judgments, to the prejudice of all the other creditors; that the answer of confession in each of said proceedings purported to be signed by J. J. Dick, Esq., as attorney for the defendants, but were not, in fact, signed by him or by any person authorized by him, or by the defendants or either of them, and that said judgments were therefore void.

The defendants *Lucy Ellen Hilbert* and *James J. Hilbert* answered the complaint, putting in issue all the allegations of fraud and collusion in the complaint, and insisting that their judgments were founded upon *bona fide* debts for moneys advanced, and were not gifts to *G. B. Hilbert*, and that they were rightfully recovered. The defendant *Peters*, the sheriff, answered, setting up his proceedings under the executions.

It appeared from the findings of the court that *H. M.*

*Johnson* sold out his interest in the partnership of *Hilbert &* *Johnson,* to his partner, *G. B. Hilbert,* August 21, 1893, and that the latter carried on the business until the time the executions were levied, December 30, 1893; that the judgments were founded on *bona fide* debts actually due for moneys advanced, and which were not gifts to *G. B. Hilbert;* and all the charges of conspiracy, collusion, and fraud against the creditors of *Hilbert & Johnson* or of *G. B. Hilbert,* were found to be substantially untrue and without foundation. It was found that the answers to the complaints in the proceedings confessing the judgments, purporting to be signed by J. J. Dick as attorney for the defendants therein, were not signed in the proper handwriting of said J. J. Dick, but were signed by C. E. Hooker in the absence of said J. J. Dick, for and at the special instance and request of J. J. Dick, he having duly authorized such signing and also ratified the same.

Judgment was rendered dismissing the complaint on the merits with costs, from which the plaintiff appealed.

For the appellant the cause was submitted on the brief of *E. D. Doney.*

For the respondents *Lucy Ellen Hilbert* and *James J. Hilbert* there was a brief by *C. E. Hooker,* and the cause was argued orally by *Mr. Hooker* and *Mr. J. J. Dick.*

PINNEY, J. We think that the findings of the circuit court against the substantive allegations of the plaintiff's complaint, except one, and that the judgments attacked by the plaintiff were founded upon *bona fide* debts of the defendants *G. B. Hilbert* and *H. M. Johnson,* and of *G. B. Hilbert,* were warranted by the evidence. Certainly, there was no preponderance of evidence against its conclusions. The findings of fact must, therefore, be accepted as verities, and it would serve no useful purpose to set forth the substance of the evidence, or enter upon any discussion of it.

The only question that remains for consideration is whether the plaintiff was entitled to any relief against the judgments by reason of the fact, found by the circuit court, that the answers of confession upon which these judgments were entered were not signed by the attorney, J. J. Dick, whose name appears thereto, in his own proper handwriting, but that his name was signed thereto by C. E. Hooker, the attorney for the plaintiffs entering the judgments, "in the absence of said J. J. Dick, for and at the special instance and request of J. J. Dick, he having duly authorized such signing and ratified the same." The statute (R. S. sec. 2896) provides that, in the entry of judgments by confession, "the plaintiff shall file with his complaint an answer signed by the defendant, or some attorney in his behalf, confessing the amount claimed in the complaint, or some part thereof." The plaintiff insisted that the judgments were void, though the answers were so signed at Mr. Dick's special instance and request and such signing had been ratified by him. The method in which the answers of confession were signed was clearly irregular, and one not to be encouraged; but we think it was an irregularity merely. There was in each case a sufficient warrant of attorney, and a release of errors, and the judgments were founded on valid debts. The circuit court would not have been justified in setting them aside on the ground alleged, on motion of the judgment debtors, or on petition of a judgment creditor, unless it were shown that they were unjust or inequitable; and nothing was shown against them. *Marshall & Ilsley Bank v. Milwaukee Worsted Mills*, 84 Wis. 23, 27; *Horning v. E. Griesbach Brewing Co.* 84 Wis. 71; *F. Mayer B. & S. Co. v. Falk*, 89 Wis. 216. Granting that the judgments were void for want of jurisdiction, the result would have been the same. Courts of equity will not enjoin a judgment at law merely for want of jurisdiction in the court in which the judgment is rendered; and where a party can say nothing against the

justice of a judgment equity will not interfere, but leave him to contend against it at law as best he can.     2 Story, Eq. Jur. § 898; *Stokes v. Knarr,* 11 Wis. 389.     Courts of equity interfere in such cases only to prevent injustice, and upon equitable grounds.     *Walker v. Robbins,* 14 How. 584; *Knox Co. v. Harshman,* 133 U. S. 152.

It follows that the judgment of the circuit court was rightly given, dismissing the plaintiff's complaint upon the merits.

*By the Court.*— The judgment of the circuit court is affirmed.

Injunctions against judgments entered on confession are the subject of an extensive note to this case in 30 L. R. A. 235.— REP.