Wilson, J.
Suit at equity to cancel and enjoin the enforcement of a judgment rendered by a justice of the peace.
Defendant Mock was a duly qualified and acting justice of the peace in Otero county. Defendant Robinson appeared before him and instituted suit by attachment to recover from Brewer, the plaintiff in error, a certain sum of money alleged to be due to him for services rendered by him as a laborer for Brewer. Defendant Hanen (improperly designated as Hansen) was appointed by the .justice as special constable to serve the summons and execute the writ. The appointment was indorsed, in writing, upon each of the instruments. That upon the attachment writ read an follows:
*456 “ There being no regular constable at command, I hereby appoint W. C. Hanen a special to serve this writ. Given under my hand and seal this 24th day of July, 1896.
“John T. Mock, (l. s.)
“Justice of the Peace.”
That upon the summons was substantially to the same effect. The writ was executed by the seizure of two hay balers in the precinct of the justice, as the property of the defendant Brewer. Summons was returned not served, because of inability .to find the defendant. Thereupon Robinson made affidavit that Brewer was concealing himself, with intent to prevent service of process npon him, and the justice then posted notices of the attachment, as provided by the statute. Thereafter, within proper time, if the manner of service was valid at all, judgment was .rendered in favor of Robinson, the defendant not appearing, and the attached property was ordered to be sold. Before sale was made, Brewer instituted this proceeding and secured a temporary injunction restraining it. Upon final hearing, the injunction was dissolved, and judgment was rendered in favor of the defendants. Plaintiff brings the cause here on error for review.
The complaint attacks the validity of the judgment upon various grounds, all going, however, to the jurisdiction of the justice. It is insisted that the justice was without authority, under the circumstances of and showing made in this case-, to appoint a special constable and that, hence, the acts of the' latter were entirely void, and of no effect, and the justice acquired no jurisdiction. It is not necessary for us to discuss the question, and lay down a precise rule as to when a justice is authorized to appoint a special constable to serve summons or writs. Conceding .the contention of the plaintiff that the facts which authorized it under the statute must exist, there was sufficient proof in this case that they did exist. It appears from the evidence that there- had been one regularly elected, qualified constable in this precinct, but *457 that • during his term lie had left the country, and there was also some evidence to the effect that he had resigned. The precise time when he left the country, or when he. resigned, if at all, was not fixed by any of the witnesses. Within less than three weeks after this judgment was rendered by the justice, the county commissioners of the county, at their regular September meeting, entered an order of record, that a vacancy in the office of constable in this precinct existed, because of the departure from the country of the regularly elected officer. This, we think, in connection with the certificate of indorsement of the justice, which should surely have some weight, was sufficient under the circumstances to sustain the validity of the appointment of the special constable.
If the justice had personal knowledge of the fact that there was no regular constable at his command to serve the process, no showing was necessary to be made to him before he could appoint a special, it was entirely unnecessary. These views in no wise conflict with Cunningham v. Bostwick, 7 Colo. App. 169.
Besides, in that case, the service of summons only was invalid, and there was no apparent reason why there was any urgency which required immediate appointment of a special constable. This case concerned the execution of a writ of attachment by the seizure of personal movable property. Presumably, there was urgency or the attachment would not have been secured. In such case, the plaintiff is certainly entitled to have it promptly executed.
It is further claimed, however, that the defendant Brewer was at the time a resident of Arapahoe county, and that this fact was well known to the plaintiff Robinson, and that, by reason thereof, he could not be sued before a justice of the peace in Otero county. In answer.to this, it is only necessary to say that Robinson testified on the hearing of this cause, that almost the entire amount of the sum which he sued for had been earned by him, or was owing to him, for labor in that precinct. There was no evidence to the contrary, *458 Brewer not appearing or testifying at .all, and hence, the justice had jurisdiction. Gen. Stat. sec. 1932. The cause of action accrued in that precinct.
It is further alleged, however, in the complaint, that the affidavit of Robinson to the effect that he (Brewer) was concealing himself to avoid service of process was false, and, such being the case, the justice acquired no jurisdiction to make service by posting notices. It is unnecessary to consider the questions raised by plaintiff in error as to what effect the falsity of this affidavit would have, nor on whom the burden of proof rested to establish the validity or invalidity of the judgment. There was sufficient proof to sustain the statements of the affidavit. Robinson testified that he had written a number of times — at least three — to Brewer, addressing him at his former post office at Fort Logan, in Arapahoe county, and had never received any answer; and, further, that he had been told by a person who lived in the vicinity of Fort Logan that Brewer had left the country. This, in connection with Robinson’s further testimony that Brewer had promised to come to Otero county some time prior to the institution of the suit before the justice, and make settlement of all claims against, him, but had utterly failed, and in consideration further of the significant fact that Brewer wholly failed to appear on the trial of the suit to restrain enforcement of the judgment rendered by the justice, and testify as to his whereabouts and place of residence when proceedings before the justice were had, we think sufficient ground to support the affidavit. It would be exceedingly difficult in any ease to make positive proof that a party was concealing himself to avoid service of process. It is enough, we think, to sustain service of process, if sufficient facts are shown to justify a belief of such in the mind of a reasonable person.
There is another reason, however, about which there can be no doubt, requiring the affirmance of this judgment, even though we should concede, — which we do not, — that the views which we have expressed are incorrect. In code section 146, it is provided:
*459 “ No injunction shall be granted to stay judgment at law for a greater sum than the complainant shall show himself equitably not bound to pay, and so much as shall be sufficient to cover costs.”
This provision was taken from the statutes of Illinois, and it is presumed, therefore, that with its incorporation into the law of this state, we adopted its construction by the courts of that state. It has there been uniformly held that it made no difference how irregular the service of process was, or whether there had been any service or not, and no matter how void the judgment might be, it could not be enjoined unless the complainant should allege and show that the judgment was inequitable, and that, if it could be set aside and another trial had, a different result would be reached. Colson v. Leitch, 110 Ill. 504; Holmes v. Oil Co., 58 Ill. App. 123; Wire Co. v. Kause, 67 Ill. App. 109.
In the first cited case the court said:
“ But under the statute only so much of any judgment at law shall be enjoined as the complainant shall show himself equitably not bound to pay. So that if he is unable to allege and prove that he has a defense against the claim upon which the judgment was founded, in whole or part, the statute would forbid an injunction.”
This doctrine has also been announced very generally in other jurisdictions. Life Ins. Co. v. Robbins, 73 N. W. Rep. 269; Farwell Co. v. Hilbert et al., 91 Wis. 441; Black on Judgments, § 377; Freeman on Judgments, § 498.
Finally, however, it has been positively affirmed in this jurisdiction. Snider v. Rinehart, 20 Colo. 460; Drug Co. v. Dunagan, 8 Colo. App. 319.
It may be said that in this jurisdiction this doctrine has been modified to the extent that this proof of nonliability is not required before relief in cases where it is alleged there has been no service at all. Wilson v. Hawthorne, 14 Colo. 534.
The case at bar, however, is different. Here there was an attempted service in mode provided by statute. It was, at *460 most, under the contention of defendant, merely irregular and defective by reason of the alleged falsity of a certain affidavit of Robinson required by statute before the method of attempted service was permissible. Besides, the complaint expressly admitted that Brewer did owe to Robinson a portion of the amount for which the latter had recovered judgment. For these reasons we do not think the rule announced in Wilson v. Hawthorne applies.
In addition to this, there was no tender or offer to phy the amount admitted to be due. Under all equitable rules, this was a necessary prerequisite before Brewer would be entitled to an injunction restraining the enforcement of the judgment. He who seeks equity must do equity.
Under these circumstances, we think it quite clear that the plaintiff was not entitléd to the relief which he prayed, and that'the judgment should be affirmed. Such will be the order.

Affirmed.