ERNA LEMKE, Appellant, v. DAN C. DOUGHERTY, Respondent, and WILLIAM LEMKE, Intervener.

(206 N. W. 222.)

**New trial — denial of new trial for newly discovered evidence, which was irrelevant held proper.**

For reasons stated in the opinion, it is held that the motion for a new trial on the ground of newly discovered evidence should have been denied.

Opinion filed November 13, 1925.

New Trial, 29 Cyc. p. 898 n. 48.

Note.—As to competency and materiality of evidence necessary to sustain application for new trial, see 20 R. C. L. 293; 3 R. C. L. Supp. 1052; 4 R. C. L. Supp. 1351; 5 R. C. L. Supp. 1096.

Appeal from the District Court of Ward County, *Moellring,* J.

Appeal from an order granting a motion for a new trial on the ground of newly discovered evidence.

Order reversed.

*Campbell & Funke,* for appellant.

*McGee & Goss,* for respondent.

JOHNSON, J. This is an appeal from an order of the district court of Ward county, granting a motion for a new trial on the ground of newly discovered evidence.

Plaintiff brought action against the defendant Dougherty, chief of police of the city of Minot, to recover the value of an automobile alleged to have been converted by him. The intervenor, husband of the plaintiff, claimed to be the owner of the car, and, on motion of Dougherty, filed a complaint in intervention asserting ownership. The defendant Dougherty seized the car, apparently upon notification from the intervenor that it was the property of the latter and had been stolen from him at his home in Montana. There is nothing in the record to warrant or justify an inference that Dougherty acted otherwise than in entire good faith. There was a verdict for the plaintiff, whereupon a motion for a new trial on the ground of newly discovered evidence was made by the intervenor and granted by the court.

The testimony is not here. The intervenor supported his motion for a new trial by numerous affidavits. A general statement as to the contents of these affidavits will suffice. Lemke deposes that the plaintiff is his wife; that certain named persons whose affidavits are also filed, are material witnesses, but that the materiality of the facts within their knowledge was not discovered by the affiant until after the trial. He says that the plaintiff ran away from his home with one Gail Phillips and traveled with him to Minot, in the automobile around which this controversy centers; that on the way to Minot, illicit relation took place; and that affiant could not know before the trial that plaintiff would testify falsely, as he claims she did. Gail Phillips, it appears, was prosecuted and convicted of adultery, but was released and thereafter he returned to Montana. At the time these various episodes took place, he was about twenty years old. He made an affidavit, giving in detail a history of the elopement and the sordid rela-

tion between himself and the plaintiff; otherwise this affidavit contains no direct statements bearing upon the issue of ownership. One Grossman deposes that he was President of the Grossman Motor Company of Glasgow, Montana, and that his company, in January, 1924, sold the car in question to William Lemke; that the latter paid $300 cash and the balance later; that no other person paid anything for the car; and that his dealings were all with the said Lemke. One Fox deposes to the same general effect as Grossman, and that he drove Mrs. Lemke to her home in his car, on the day when the purchase was made. This last statement is contradictory of what appears to be her testimony to the effect that she drove the car home herself when it was purchased. The affidavit of one Mullins is substantially the same as that of Fox. Both were employees of or connected with the company from which the automobile was purchased. Other affidavits are to the effect that the plaintiff was well treated by her husband; was supplied with clothing with such a liberal hand that she was known in her neighborhood as the "Queen of Sheba;" that plaintiff was in the habit of relating stories and engaging in conversation of a character not tolerated in supposedly polite society, except in the pages of ultra modern fiction; and that she had stated that her husband bought the automobile while she was saving her money.

The sole question is whether it was an abuse of discretion to order a new trial on the ground of newly discovered evidence, upon the showing made in the affidavits filed by the intervenor in support of his motion.

In Keystone Grain Co. v. Johnson, 38 N. D. 562, 565, 165 N. W. 977, speaking through the present Chief Justice, this court said:

"It is elementary that a motion for a new trial on the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court. The fact that newly discovered evidence which has a material bearing upon some important or controlling issue in a case is also cumulative, and incidentally tends to impeach or deny the correctness of testimony given on behalf of the adverse party, does not necessarily preclude the trial court from granting a new trial on the ground of such newly discovered evidence. Aylmer v. Adams, 30 N. D. 514, 523–528, 153 N. W. 419. The determination of this, as well as every other question relative to a new trial on this ground, is primarily a

question for the trial court, and the appellate court is not justified in interfering therewith unless the record discloses a clear abuse of discretion. The rules applicable to new trials on discretionary grounds, and the respective functions of trial and appellate courts on such motions, have been so fully discussed by this court in several recent decisions that little remains to be said in regard thereto."

The trial court seems to have been of the opinion that testimony showing misconduct of the plaintiff with Phillips and other men was admissible as a part of the defendant's or intervenor's case, notwithstanding she had denied the particulars on cross-examination. From the pleadings and the instructions to the jury, the issue plainly appears. It was simply a question of ownership. The court instructed the jury that if they found that William Lemke had given the car to his wife, or if he had purchased it with money furnished for that purpose by her, with the understanding that she was to be the owner of the car, she would be the owner and entitled to a verdict. Manifestly, whether plaintiff was dressed like the Queen of Sheba, or like the lilies of the field; whether she indulged in risque stories and conversation, or spoke with the chaste purity of St. John; whether, in her relations with Phillips, she successfully acted a role in which Potiphar's wife failed; are matters wholly irrelevant and immaterial upon the question whether she or her husband owned the automobile. We do not need the testimony to be able to determine, as well as the trial judge could, whether this kind of evidence could be admissible on any possible theory, as a part of the intervenor's case. It is inadmissible.

There remains to be considered the affidavits of Grossman, Fox and Mullins. Clearly, if Mrs. Lemke furnished the money to buy a car that was to remain her property, the fact that Lemke made the deal would not throw any light upon the question; neither would it have any bearing on the question of whether the husband gave it to the wife subsequent to the purchase. It does not appear that the wife contests the intervenor's claim that he made the deal. Indeed, the intervenor's affidavit alleges that plaintiff testified that her husband gave her the car at the garage when and where it was purchased. Moreover, the intervenor had notice, through the complaint, that his wife claimed to be the owner of the automobile; he knew where he purchased the car and with whom he dealt. All this was known to him before the

trial. It is not clear that the evidence was "newly discovered," within elementary rules.

We are constrained to the conclusion that the motion for a new trial, on the ground of newly discovered evidence, should, in the exercise of sound judicial discretion, have been denied.

Counsel for the respondents insists that the order of the trial court must be summarily affirmed because the record on appeal is not sufficient to permit a review in this court of the order granting the motion for a new trial on the ground of newly discovered evidence. Counsel cites as conclusive in his favor, the case of Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314. In that case a motion for a new trial was made upon four separate and distinct statutory grounds. The trial court granted a new trial upon the sole ground of misconduct of the defendant Dinnie and on the part of the jurors. No statement of the case was settled and the plaintiff submitted affidavits in support of two grounds only, including the one of which the order granting a new trial was made. Appellant in that case assumed that if the ground on which the motion was granted was not well taken, the order of the trial court must be reversed. It was held: (1) When the motion is made on several grounds and the court grants it on a single ground, the order will not be reversed if properly made on any of the grounds urged, although the one on which it was granted is erroneous; (2) When a motion for a new trial is made upon several grounds, including the insufficiency of the evidence to justify the verdict of the jury, and no statement of the case is settled containing the testimony, an order granting a motion for a new trial cannot be reviewed on appeal in the absence of a statement of the case embodying such portions of the evidence as are necessary to a review of the specifications or grounds, on which the motion was made.

Manifestly, the situation presented in the case at bar is essentially different. The motion in the trial court was made upon the sole ground of newly discovered evidence, and upon affidavits purporting to set it forth. All of the so-called newly discovered evidence is inadmissible or irrelevant and immaterial upon any possible theory. A transcript of all of the evidence would in no manner aid this court in determining whether the intervenor or the defendant, upon their own showing, have

discovered new and admissible evidence bearing upon any issue made by the pleadings.

The order is reversed and the case remanded for proceedings not inconsistent herewith.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and BIRDZELL, JJ., concur.