L. R. BAIRD, as Receiver of the Mercer County State Bank, Mannhaven, North Dakota, Respondent, v. JOHN UNTERSEHER, JR., and Gust Schlender. GUST SCHLENDER, Appellant.

(224 N. W. 306.)

Opinion filed March 4, 1929.   Rehearing denied April 6, 1929.

*Hyland & Foster,* for appellant.

*Zuger & Tillotson,* for respondent.

NUESSLE, J.   The plaintiff is the receiver of closed banks.   He brought this action as receiver of the Mercer County State Bank to recover on a note executed by the defendants.   The defendant, Unterseher, defaulted.   The defendant, Schlender, answered, setting up the release and discharge of his liability upon the note.   The case was tried to a jury.   The defendant had a verdict.   The plaintiff moved for judgment notwithstanding the verdict or in the alternative for a new trial.   The court denied the motion for judgment notwithstanding but granted the motion for new trial.   From the order entered accordingly the defendant perfected the instant appeal.

It appears that the defendants executed the note in suit in January, 1921. At that time Albert Sailer was the president of the Mercer County State Bank and Walter Bohrer was its cashier. These men were in active charge of the bank. The note was given for a loan of money by the defendant Unterseher, who being already indebted to the bank, procured the defendant Schlender to sign it with him. On December 7, 1921, some arrangement was made between Unterseher and the bank whereby he executed notes in renewal of his indebtedness together with a mortgage as security for the same. At that time E. R. Sailer was employed in the bank as assistant cashier. He had begun working for the bank in October, 1921. Schlender's testimony is that at the time the mortgage was executed by Unterseher in December, 1921, the bank agreed to discharge Schlender from his liability on the note in suit; that at that time the note itself was up as collateral in the First National Bank of Fargo but that a copy thereof marked "paid" was delivered by the bank to Unterseher for delivery to Schlender. Schlender produced such a copy which was in the handwriting of Bohrer. Albert Sailer and Bohrer both denied that any such arrangement was made with reference to Schlender. Schlender testified that it was made with E. R. Sailer. Neither E. R. Sailer nor Unterseher were called as witnesses. In support of the motion for a new trial the plaintiff submitted the affidavit of B. F. Tillotson. This affidavit set out that Tillotson was the attorney who had charge of the preparation and trial of the case; that prior to the trial he was informed and led to believe, and still believes, that the management of the bank and the matter of making settlements and releasing security was in the hands of Albert Sailer and Bohrer up to and after the 7th day of December, 1921, when Schlender claims he was released; that this information was obtained through the employees of the plaintiff from Albert Sailer; that he was informed and led to believe and still believes that E. R. Sailer was until January, 1922, employed in the bank as a clerk without authority to make settlements or release debtors from liability upon notes or obligations to the bank and that he did not make such settlement or give such release; that when Schlender testified as he did it was a matter of surprise which could not have been guarded against by ordinary prudence; that at the time of the trial when such testimony was given, E. R. Sailer was and now is a resident of the state of Iowa

and that plaintiff was therefore unable to procure him as a witness. Plaintiff further produced the affidavit of E. R. Sailer setting forth that he had made no arrangement with Schlender or Unterseher whereby Schlender was to be released from liability on the note; that Sailer began his employment in October, 1921, and that he had no authority to make extensions or give releases except under the direction of Albert Sailer or Bohrer.

The motion for new trial was predicated upon various grounds, including the insufficiency of the evidence to sustain the verdict, surprise, which ordinary prudence could not have guarded against, and newly discovered evidence material to the case which plaintiff could not with reasonable diligence have discovered and produced at the trial. The order of the trial court granting the motion, made without memorandum, recites that the order is made upon all the grounds urged. "Upon an appeal from an order granting a new trial, when the motion is made upon several grounds, the question is not whether the trial judge was warranted in granting it upon a single ground, or upon a particular ground referred to by him in his order, but is rather whether upon the whole record and upon any of the grounds urged, it should have been granted. The presumption is that the order was properly granted, and the burden upon the appellant to show that none of the grounds urged in the motion was sufficient." Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314; Security State Bank v. Security State Bank, 54 N. D. 582, 210 N. W. 83.

An order granting a motion for new trial on the ground of the insufficiency of the evidence to sustain the verdict, of newly discovered evidence, or of accident or surprise, is one which is within the sound discretion of the trial court and will not be disturbed unless it appears that there was an abuse of that discretion. See Martin v. Parkins, 55 N. D. 339, 213 N. W. 574; Doyle v. Doyle, 52 N. D. 380, 202 N. W. 860; Standard Oil Co. v. Kennedy, 54 N. D. 31, 208 N. W. 555; Lemke v. Dougherty, 53 N. D. 382, 206 N. W. 222; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, 12 Am. Neg. Rep. 619; Braithewaite v. Aiken, 2 N. D. 57, 49 N. W. 419; Matoushek v. Dutcher & Sons, 67 Neb. 627, 93 N. W. 1049. "And the appellate court will uphold the ruling of the trial court granting a new trial on a discretionary

ground when it would have refused to disturb the decision of that court had a new trial been denied; and will sustain such order even though the trial court would have been justified in reaching a different conclusion, and although the appellate court might deem a different conclusion the better one." Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419. The Mercer County State Bank had been closed for some time. Naturally the plaintiff as receiver had no first hand knowledge of any facts in connection with the taking of any of the notes in the bank. He had to get this information from others who had such knowledge. He did not know and had no means of knowing that Schlender would testify that he had been released and discharged from his obligation on the note by E. R. Sailer. Sailer was newly employed in the bank at the time of the alleged settlement and was not actively in charge of the business of the bank so far as plaintiff could ascertain. The fact that additional security was taken from Unterscher at the time would not give plaintiff notice of the details of the defense. The note on which the suit was brought was in the plaintiff's hands. There was nothing except the allegations of the defendant's answer which could tend to apprise him that the defendant had any defense, or if he had, what the character of that defense would be. And if the defense were a manufactured one, certainly the plaintiff could not know of it. The defendant's whole case rested on his assertion that E. R. Sailer, acting for the bank, had discharged him from liability on the note. Sailer was a resident of the state of Iowa. It was not easy to interview him. There was nothing to indicate to the plaintiff that it was necessary to interview him. He was not present at the time of the trial, nor could his attendance be had when it became apparent that his testimony was material and important. The trial court recites in his order "that justice will best be had between the parties by the granting of a new trial." It is of course on the theory that he is in a superior position to act in the interests of justice that the trial court is clothed with discretion in passing on motions for new trial. We cannot say on the whole record that here there was an abuse of discretion on the part of the trial court in granting the order.

The order from which the appeal was taken is affirmed.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.