R. D. CAMPBELL, Appellant, v. JAMES N. CAMPBELL, A. Flath, M. G. Flath and James C. Angle. M. G. FLATH, Respondent.

(225 N. W. 805.)

Opinion filed June 5, 1920.

*F. W. Medbery,* for appellant.

*F. F. Wyckoff,* for respondent.

NUESSLE, J. On August 2nd, 1928, the plaintiff brought an action to quiet title to certain real property, to wit, a lot in the city of Stanley, North Dakota. The complaint was in the statutory form (Comp. Laws 1913, § 8147). At the same time she made application, based upon a showing by affidavit, for a temporary order restraining the defendants M. G. Flath and A. Flath from removing a certain building from the real estate in question and for an injunction pendente lite to like effect. The court granted a temporary restraining order and issued an order directed to the defendants to show cause why the injunction pendente lite should not be granted. The order to show cause was made returnable on August 7th. On the return day the defendant, M. G. Flath, made showing by affidavits in resistance of the plaintiff's application and the plaintiff also made a further showing by affidavits. The affidavits recite in behalf of the plaintiff that she is the owner of the real estate in question; that she became such by purchase of the property from the county of Mountrail in June, 1928; that the county had obtained title through sale of the property for the taxes for the years 1920 to 1927 inclusive; that these taxes were assessed and levied against the property considering the building thereon as a part of the realty; that the plaintiff paid therefor the sum of $546.57, approximately the market value of the property including the building; that this building was a small frame building worth approximately $300; that it was affixed to the realty; that the plaintiff bought the property in good faith believing that the building in question was a part of the realty and that she was getting title thereto; that the property is located

in the business portion of the city of Stanley; that the defendant, M. G. Flath, is about to remove the building under a claim of ownership; that under an ordinance of the city of Stanley it will be impossible to replace it if removed. The defendant, M. G. Flath, as a showing of cause why the application for injunctional relief should not be granted, set up that he was the owner of the building in question; that he moved the same onto the real estate in 1916 under an agreement with the owners of the property whereby he retained ownership of such building; that the building was not affixed to the realty but was placed upon skids on which it was moved to the lot and was raised from the ground by sticks and stones placed under these skids; that the owners of the lot in question were and since 1913 had been the defendant James M. Campbell and the defendant A. Flath; that James M. Campbell is the husband and agent of the plaintiff; that M. G. Flath at all times since moving the house upon the real property has considered it as personal property and listed the same for taxation as such with the city assessor of the city of Stanley and has been assessed for and paid the taxes thereon; that the defendant James M. Campbell, one of the co-owners of the said real estate, knew of his ownership of the said house and of the agreement and understanding whereby he was to have the right to remove it from the lot; that James M. Campbell acted as the agent of the plaintiff when he bought the real property in question for her from the county of Mountrail and at that time knew of the defendant's claim of ownership of the building in question. The plaintiff also filed counter-affidavits denying any knowledge on her part of M. G. Flath's ownership of the building or of any arrangement whereby he might remove the same from the real property, and further denied that the building had been assessed as the personal property of M. G. Flath or that he had paid taxes thereon. At the hearing on the return day the court considered the showing as made by the respective parties and thereupon vacated the temporary order theretofore issued, denied the plaintiff's application for an injunction pendente lite, and adjudged costs on the application in favor of the defendant M. G. Flath and against the plaintiff. The plaintiff thereupon perfected the instant appeal.

The application for the restraining order was made under the provisions of §§ 7528, et seq. Comp. Laws 1913. Whether or not in-

junctional relief should be granted in such a case was a matter within the sound legal discretion of the trial court. Bartles Northern Oil Co. v. Jackman, 29 N. D. 236, 150 N. W. 576; 32 C. J. 29; Sand v. Peterson, 30 N. D. 171, 152 N. W. 271. On this account and aside from and without considering the other points raised, it seems to us that the order must be affirmed. Presumptively the trial court's discretion was properly exercised and his action will not be disturbed unless there was an abuse of discretion on his part. Baird v. Unterseher, 57 N. D. 885, 224 N. W. 306, and cases cited. There is nothing in her complaint to indicate that the plaintiff demands or is entitled to injunctional relief. Her application is grounded wholly on her showing by affidavit. Defendant likewise by affidavit controverts her showing and sets up additional matters in resistance of the application. The trial court as indicated by his order considered the whole showing as thus made, resolved the controverted matters in favor of the defendant and denied the application. In our judgment the plaintiff has not established any abuse of discretion on the part of the trial court in so doing and the order from which the appeal was taken must therefore be affirmed.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.