EDITH VINQUIST and Carl A. Shellberg, Appellants, v. OTTO SIEGERT, Respondent.

(225 N. W. 806.)

Opinion filed June 6, 1929.

*Lemke & Weaver,* for appellants.

*G. McLain Johnson,* for respondent.

NUESSLE, J. In February, 1928, Otto Siegert brought an action of forcible entry and detainer in a justice court of Traill county wherein Edith Vinquist and Carl A. Shellberg were defendants. In his com-

plaint in that action Siegert alleged that he was the owner of certain real property; that in November, 1926, the Hillsboro National Bank leased the property in question to Edith Vinquist for a term of one year ending on November 23rd, 1927; that Carl A. Shellberg makes his home with Edith Vinquist thereon; that they continue to hold over and remain in possession without the permission of Siegert; that notice to quit and vacate has been served; and asked for the possession of the premises. The summons was made returnable on February 23rd. On that date Vinquist and Shellberg appeared and answered. They admitted that notice to quit had been served upon them but otherwise denied the allegations of the complaint. They further set up that in 1902 one Lasham was the owner of the premises in question; that at that time Shellberg purchased the same from him under a contract for deed and went into possession thereof and that Vinquist and he have been in such possession continually ever since; that in 1918 Lasham gave a new contract for deed to the premises to Shellberg in substitution of the original contract; that the purchase price to be paid thereunder was evidenced by a note for $6,540; that in 1925 Lasham brought suit for the foreclosure and cancelation of said contract; that the cause came on for trial in the district court; that in the midst of the trial a settlement was agreed upon between the parties; that according to the terms thereof Shellberg was to give a quit-claim deed to the Hillsboro National Bank as security for the payment of $5,000, the amount agreed between the parties as being unpaid on his contract; that it was further agreed that the bank was to lease the premises to Vinquist for a cash rental which was to be paid in lieu of the crop payment as provided for in the contract and that Shellberg should have the privilege of paying all or any part of the purchase price at any time within ten years, with interest at 7 per cent; that in accordance with and because of such settlement, Shellberg executed a deed to the bank and otherwise complied with the terms thereof; that he is ready, able and willing to pay the amount agreed to be paid for the said land but that Lasham and the bank refuse to perform; that Shellberg has continued to reside upon the premises and still resides there with Vinquist and that the same is their home and homestead; that the plaintiff had full notice and knowledge of all of these facts at all times. This answer was in writing and was verified by counsel on information and belief. At the

time the answer was served, counsel for Shellberg and Vinquist demanded that the cause be certified to the district court of Traill County for trial and final determination on the ground that title to real property was involved and the justice court had no jurisdiction to try the action. The justice denied the motion, apparently on the theory that the answer was sham and frivolous, and entered judgment in favor of the plaintiff Siegert. Thereupon on the 25th day of February, Vinquist and Shellberg began an ·action in the district court to restrain Siegert from enforcing such judgment. In their complaint in the district court they set up the facts as aforesaid and further alleged that Siegert threatened to and war about to cause an execution to be issued on the judgment as entered in the justice court and thereby dispossess the plaintiffs Vinquist and Shellberg and remove their stock, machinery and other belongings from the premises, thereby causing them great and irreparable injury for which they had no adequate remedy at law; accordingly, and because the justice court had acted without and beyond its jurisdiction in entering the said judgment against them, they prayed for a permanent injunction restraining Siegert from attempting to dispossess them and from in any way interfering with their occupation and possession of the premises. At the same time they applied .to the district court of Traill county for an order directed to the de-·fendant Siegert to show cause why he should not be likewise temporarily enjoined pending the determination of the action. This order was made returnable .on March 12th. In addition to the complaint which was verified by counsel for the plaintiffs on information and belief, they supported their application for the temporary order by the affidavits of their counsel and their own affidavits, setting forth substantially the facts as alleged in the complaint. On the return day and in resistance of the application, counsel for the defendant Siegert made showing by affidavit wherein he alleged in substance that an action of forcible entry and detainer had been brought in justice court as set forth in the complaint and showing of the plaintiffs and with the result as therein set forth; that the defendant Siegert is the owner of the premises in question; that the plaintiffs Vinquist and Shellberg are in possession of the property and refuse to quit and surrender the same; that they have no property subject to execution sufficient to pay the damages which the defendant will suffer if the injunction prayed for

be issued, and asked for a vacation of the order to show cause and a denial of the temporary injunction. The defendant also filed the affidavit of Theodore Kaldor, an attorney at law, wherein it was alleged that in September, 1925, Kaldor was retained as attorney by the Hillsboro National Bank for the purpose of foreclosing the contract for deed given by Lasham to Shellberg and which had been assigned to the bank as security for a loan; that action was thereupon brought; that issue was joined; that the case was brought to trial in the district court of Traill County in November, 1926; that Shellberg appeared in person and by his attorney, C. E. Leslie, an attorney at law of Hillsboro; that before the trial was completed a settlement was agreed upon; that the terms of such settlement were reduced to writing and signed by counsel for both parties in the following form, to wit:

"It is hereby stipulated by and between the parties to the above action that said action be, and it is hereby settled, on the following terms and conditions:

"1. The defendant is to pay the plaintiff One Hundred Fifty ($150) Dollars, in cash, and he and his niece, Edith Vinquist are to quit-claim and surrender all their right, title and interest in and to the following described premises (description of premises).

"2. The plaintiff is to lease the above described premises to Edith Vinquist from the date hereof for the period of one (1) year, and a cash rent of Four Hundred Fifty ($450) Dollars, which rent is to be paid by the said Edith Vinquist, giving a note due not later than November 1st, 1927, and securing it by a chattel mortgage satisfactory to the officers of the plaintiff's bank.

"3. When the said quit-claim deed has been executed, the $150 cash paid and the said note for $450 and the chattel mortgage securing the same, has been executed, the plaintiff is to turn over and surrender to the defendant all obligations they hold against him and release him from all further liabilities as far as any obligations owed by him at the date hereof are concerned.

"4. That if the defendant and said Edith Vinquist fail to perform the conditions of paragraph 1 and 2 hereof, judgment may be entered herein finding and decreeing that the defendant has no right, title, interest or claim in and to the above-described premises, or anyone claim-

ing under him since the 1st day of October, 1918. Dated this 23rd day of November, 1926.

"Theo. Kaldor,

"Attorney for Plaintiff,

"C. E. Leslie,

"Attorney for Defendant."

That the terms of the settlement as thus made were carried out and the plaintiff returned to the defendants the note for the purchase price of the land given by Shellberg to Lasham and received a receipt therefor from the defendants' attorney in the following words and figures:

"Received from John E. Lasham by the hand of P. B. Peterson, a note dated October 1, 1918, payable on or before two years from date for $6540 at seven (7) per cent interest payable to John E. Lasham, signed by Carl Shellberg.

"C. E. Leslie."

And thereupon the case was dismissed.

After considering the showing pro and con as thus made by the parties, the trial court denied the plaintiffs' application for a temporary injunction and held affirmatively that the defendant was entitled to the immediate possession and control of the premises in question and commanded the sheriff of Traill county "forthwith to place the said defendant herein in the peaceable possession and control of the premises described. . . ." From this order the plaintiffs perfected the instant appeal. The trial court on application granted a stay on the filing of a bond and the plaintiffs remained in possession.

Plaintiffs urge on this appeal that when they answered in the justice court, set up title in themselves and demanded that the case be certified to the district court for trial, thereby the justice court was divested of jurisdiction to proceed further and was bound to certify the case to the district court; that the judgment against them was therefore void; that their only adequate remedy was through the instant action; that the trial court erred in denying their application for an injunction pendente lite; and that, in any event, he erred in proceeding further and giving the defendant Siegert affirmative relief. On the other hand, the defendant contends that the answer in the justice court was not interposed in good faith and there was no bona fide claim of title; that if the justice was divested of jurisdiction the

remedy was by appeal; that such remedy was complete and adequate; that, in any event, the present plaintiffs were not harmed by the order from which they appeal because upon the perfecting of their appeal and the furnishing of the undertaking they were given possession of the premises in question and have retained the same; that the cause will be tried on its merits and the issues determined prior to the disposition of the appeal.

Justices of the peace have no jurisdiction when the boundaries of or title to real estate come in question. N. D. Const. § 112; Comp. Laws 1913, § 9006; Hegar v. De Groat, 3 N. D. 354, 56 N. W. 150; Johnson v. Erickson, 14 N. D. 414, 105 N. W. 1104; Mower v. Rasmusson, 34 N. D. 233, 158 N. W. 261; E. J. Lander & Co. v. Deemy, 46 N. D. 273, 176 N. W. 922. By their answer in the justice court action the defendants in that action (the plaintiffs here) claimed title to the real property involved and the matters in that behalf there pleaded by them were sufficient to and did divest the justice court of jurisdiction to try the cause. Therefore the judgment of the justice court was void. See Murry v. Burris, 6 Dak. 170, 42 N. W. 25; Hegar v. De Groat, 3 N. D. 354, 56 N. W. 150; Nightingale v. Barens, 47 Wis. 389, 2 N. W. 767.

Relief may be had by injunction against proceedings under a void judgment where no adequate remedy at law is available. Kitzman v. Minnesota Thresher Mfg. Co. 10 N. D. 26, 84 N. W. 585; Bruegger v. Cartier, 20 N. D. 72, 126 N. W. 491; John V. Farwell Co. v. Hilbert, 30 L.R.A. 235, and note (91 Wis. 437, 65 N. W. 172); Oliver v. Pray, 19 Am. Dec. 595, and note (4 Ohio, 175); Pom. Eq. Jur. 4th ed. §§ 1362, et seq.; Pom. Eq. Remedies 2d ed. §§ 663, et seq. The defendant contends, however, that in this instance the plaintiffs had an adequate remedy by appeal. If this were the case they would not be entitled to injunctional relief. See Kitzman v. Minnesota Thresher Mfg. Co. supra; 15 R. C. L. 201; Pom. Eq. Rem. § 666. Here, though by raising the issue of title the plaintiffs divested the justice court of jurisdiction to try the cause, nevertheless the court had jurisdiction to certify it to the district court. And it was the court's duty to do so. See § 9055, Comp. Laws 1913. So an appeal would have transferred the case to the district court for trial and the plaintiffs would have obtained the same result as though their demand for certification

made to the justice had been complied with. See Johnson v. Erickson, 14 N. D. 414, 105 N. W. 1104; E. J. Lander & Co. v. Deemy, 46 N. D. 273, 176 N. W. 922; Davis v. Long, 45 N. D. 581, 14 A.L.R. 796, 178 N. W. 936. But in order to appeal the plaintiffs would have been compelled to furnish an undertaking, and in order to stay execution on the void judgment to give a further undertaking. Thus the plaintiffs though long in possession of the real property under a claim of title would have been required to give an undertaking in order to retain possession, and had they not done so might have been ousted and thereby greatly injured. So their remedy by appeal was not complete and adequate.

The plaintiffs' application to the trial court was for a temporary restraining order. Whether or not such an order should be granted was a matter within the sound legal discretion of the trial court. See Campbell v. Campbell, ante, 244, 225 N. W. 805; Bartels Northern Oil Co. v. Jackman, 29 N. D. 236, 150 N. W. 576. Plaintiffs were not entitled to this order as of right, so it became necessary for the trial court to examine the showing as made on the application and exercise his discretion with respect to the granting of the same. Presumptively he did this properly and his action will not be disturbed unless the plaintiffs can establish an abuse of discretion on his part. See Campbell v. Campbell, supra; Baird v. Unterseher, 57 N. D. 885, 224 N. W. 306. Furthermore, the plaintiffs to secure their relief by injunction against the void judgment were under the necessity of showing that it was not only void but also unjust or inequitable. In other words, they must not only show that the judgment was void but also that they had a defense to the action in which it was entered; that is, in this instance, that they had title to the real estate involved such as would warrant their retaining possession thereof. See John V. Farwell Co. v. Hilbert, 30 L.R.A. 235, and note; (91 Wis. 437, 65 N. W. 172) Pom. Eq. Rem. 2d ed. § 667, and cases cited. This being so it does not appear that there was any abuse of discretion on the part of the trial court in denying the application for the temporary order.

But the plaintiffs complain that the trial court did not stop with a denial of their application for a temporary restraining order. The trial court further held that the defendant was entitled to the immediate possession and control of the premises in question and commanded

the sheriff to oust the plaintiffs and place the defendant in possession thereof. In this the trial court clearly erred.

With respect to the defendant's contention that the main action will be disposed of on the merits prior to the time when the remittitur on this appeal can go down and therefore the case is in effect moot, our answer is that we do not know what disposition has been made of the case on the merits or whether it has been disposed of. The order from which the appeal was taken will therefore be affirmed in so far as it denied the application for the temporary restraining order, but must in other respects be and the same is reversed.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.