Daniel E. HERZIG and James F. Herzig, Plaintiffs and Appellees,

v.

Floyd HERZIG, a/k/a Floyd Frank Herzig, Alphild Herzig and David F. Herzig, Defendants and Appellants.

Civ. No. 9658.

Supreme Court of North Dakota.

Nov. 28, 1979.

Bosard, McCutcheon, Kerian, Schmidt, Holum & Rau, Minot and David T. DeMars, Fargo, for plaintiffs and appellees; argued by Jon R. Kerian, Minot.

Lundberg, Conmy, Nodland, Rosenberg, Lucas & Schulz, Bismarck, for defendants and appellants; argued by Max D. Rosenberg, Bismarck.

ERICKSTAD, Chief Justice.

The defendants appeal from a judgment entered in the Ward County Court of Increased Jurisdiction based upon a claim for forcible detainer. We reverse.

On July 7, 1977, Midwest Federal Savings & Loan Association of Minot, North Dakota, obtained a judgment foreclosing their mortgage on property owned by Floyd Herzig, Alphild Herzig, and David F. Herzig [hereinafter referred to as the defendants], and located in Ward County, North Dakota. On August 19, 1977, Midwest purchased the property for the amount of the mortgage at a sheriff's sale held pursuant to the judgment of foreclosure. See Sections 32–19–06 and 32–19–09, N.D.C.C. The defendants' only remaining interest was the right of redemption provided by law. On or about August 15, 1978, defendants Alphild and David F. Herzig quitclaimed their interest in the property to Floyd Herzig, also a defendant herein. On August 17, 1978, two days before the expiration of the one-year statutory redemption period, see Section 28–24–02, N.D.C.C., Floyd Herzig filed an original petition in bankruptcy court under Chapter 12 of the Bankruptcy Act. The following day, part of the property was redeemed by Byron V. Langley and Walter A. Meyer, successors in interest to a judgment lien creditor of Floyd's who had the right to redeem his property.

On October 19, 1978, a sheriff's deed conveying the property to Langley and Meyer was delivered and properly filed. According to the defendants' brief filed with this court, during the pendency of the Chapter 12 petition, a judgment creditor, William Bolinske, instituted suit in the District Court of the Fifth Judicial District in order to determine his redemptive rights. Counsel for the defendants also stated in his brief that on December 20, 1978, the district court found that Bolinske had a full redemptive right for a period of thirty (30) days, expiring on January 19, 1979. Prior to January 19, 1979, Daniel E. and James F. Herzig [hereinafter referred to as the plaintiffs], acquired Bolinske's rights by assignment, and, according to the defendants' brief, they allegedly redeemed the property which is the subject of this appeal.

Pursuant to motion, Floyd Herzig's Chapter 12 petition was dismissed on January 18,

1979, on the ground that Floyd was not a "debtor" qualified to petition under Section 406(6) of the Act because his only interest in the property at the time of filing was a right to redeem from a pre-petition mortgage foreclosure sale.

In May of 1979, the plaintiffs commenced an action in forcible detainer (in the Ward County Court of Increased Jurisdiction) by the filing and serving of a summons and complaint upon the defendants.

On May 17, 1979, the defendants filed and served an answer alleging in pertinent part:

"3.

"Specifically alleges that there ˙ is a genuine dispute as to the title to the real estate described in plaintiffs' complaint, thereby divesting this court of jurisdiction to hear and determine title to such real estate.

"4.

"Specifically alleges that the title to the property described in the plaintiffs' complaint is presently involved in an appeal to the United States Eighth Circuit Court of Appeals for a determination whether the dismissal of the Chapter XII proceeding filed by the defendant Floyd Herzig was proper."

Thereafter, a hearing was held in the Ward County Court of Increased Jurisdiction, and the court issued its findings of fact, conclusions of law, and order for judgment on May 18, 1979. The court determined that it had jurisdiction over the subject matter and the parties to the action, and further found that the defendants were in wrongful possession of the property in question. Judgment was entered on behalf of the plaintiffs, awarding them possession of the premises, and the defendants appeal to this court from that judgment.

The issue to be determined is whether or not raising a question of title in an answer to a complaint, automatically divests a county court of increased jurisdiction of jurisdiction in a forcible detainer action.

Section 27–08–20 of the North Dakota Century Code provides that a county court of increased jurisdiction shall retain its prior county court jurisdiction, and shall gain additional jurisdiction from the district court and from the justices of the peace.[1] *See Kolling v. Goodyear Tire & Rubber Co.,* 272 N.W.2d 54 (N.D.1978).

Pursuant to the powers conferred upon the county justice court under Section 33–01–04, N.D.C.C., a county court of increased jurisdiction possesses civil jurisdiction over forcible detainer actions.[2] However, this jurisdictional grant is qualified by Section 33–01–06, N.D.C.C., which provides in pertinent part:

"*Procedure when title to or boundary of real estate in issue.—A question of title to or boundary of real property cannot be determined in a county justice court,* and when such question arises upon a material issue joined as prescribed in this title, or when such question arises by

---

1. "*Jurisdiction of county courts of increased jurisdiction.*—A county court of any county of this state which, by an election, has been given increased jurisdiction, in addition to its prior jurisdiction, shall have concurrent jurisdiction with the district court in all civil actions where the amount in controversy does not exceed one thousand dollars and in all criminal actions below the grade of felony. The jurisdiction and powers formerly vested in the justices of the peace are hereby conferred concurrently upon such county court." § 27–08–20, N.D.C.C.

2. "*Civil jurisdiction of county justice.*—County justices and their courts have jurisdiction in all civil actions when the amount in controversy exclusive of costs does not exceed two hundred dollars but in no case do they have jurisdiction when the boundaries of or title to real estate comes in question. Subject to the foregoing restrictions, the jurisdiction of each county justice extends to the following actions and proceedings:

\* \* \* \* \* \*

"4. An action for forcible detainer of real property irrespective of value when the amount demanded therein for rents and profits or damages does not exceed two hundred dollars." § 33–01–04(4), N.D.C.C.

controversy in the evidence as to a fact material to the determination of the issues in the action, the county justice *must* discontinue the trial and forthwith *must* certify and transmit to the district court of his county all the pleadings and papers filed with him in such action." [Emphasis added.]

The language of this statute is clear and unambiguous. When title becomes an issue in an action for forcible detainer, that issue cannot be determined in a county justice court, or a county court of increased jurisdiction.

As previously set forth in this opinion, the defendants' answer to the complaint asserted that there was a "genuine dispute as to the title to the real estate described in the plaintiffs' complaint." Furthermore, the defendants specifically asserted that title to the property in question was "presently involved in an appeal to the United States Eighth Circuit Court of Appeals" to determine whether or not the dismissal of Floyd Herzig's Chapter 12 petition in bankruptcy was proper. On the day of the oral arguments in our court, we were informed that the dismissal of the petition was recently affirmed by the Eighth Circuit. *In re: Floyd Frank Herzig v. Midwest Federal Savings & Loan Association*, No. 79–1266 (8th Cir. November 7, 1979). What efforts Floyd may make to secure a review of that decision by the United States Supreme Court we do not know. For that reason, we shall decide the merits of this appeal irrespective of the decision of the Circuit Court of Appeals.

The defendants' answer, which denied the plaintiffs' allegations of ownership, and which specifically raised an issue of title, *see* Section 33–01–05, N.D.C.C., *required* the county court of increased jurisdiction to suspend all further proceedings, and certify and transmit all the filed pleadings and papers to the district court. Section 33–01–06, N.D.C.C. The jurisdiction of the county court ceases once an issue of title is specifi-

cally raised in the pleadings, and any judgment rendered thereafter is void. *Vinquist v. Siegert*, 58 N.D. 295, 225 N.W. 806 (1929); *Murray v. Burris*, 6 Dak. 170, 42 N.W. 25 (1889).

By their answer in the county court action, the defendants sufficiently raised a genuine issue of title to the real estate in question, thereby divesting the county court of increased jurisdiction of jurisdiction to try the case. To hold otherwise would be to treat the words of the statute, requiring the county justice to certify the case to the district court whenever the title to, or boundary of, real property comes in question, as idle and meaningless. *Murray v. Burris, supra*, 6 Dak. at 178, 42 N.W. at 28.

County courts of increased jurisdiction are courts of limited jurisdiction. They have and can exercise no powers except such as are expressly granted, or are necessarily implied from powers expressly granted, by statute. The Legislature has specifically provided that a question of title to or boundary of real property cannot be determined in a county justice court. Section 33–01–06, N.D.C.C. The apparent intent of the Legislature in enacting this statute was to prohibit county justices, who were often traditionally untrained in the law, from determining difficult legal questions of title to real property. Changes that have since taken place in our judicial system, and in the legal training and background of our judges, justify a reexamination of the need for certification of title or boundary disputes in forcible detainer actions to the district court. Accordingly, the Legislature may want to examine this statute and others which result in fragmentation of our judicial system. If an office is filled by persons admitted to practice law in all of the courts of this state, especially if the office is made a full time position, and the occupant thereof is appropriately compensated, there should be no need for transfer and the person occupying that office should

be able to conclude all proceedings properly commenced in that court.[3]

The judgment of the county court of increased jurisdiction is reversed, and the case remanded for certification to the district court for further proceedings conformable to law.

SAND, PAULSON, PEDERSON and VANDE WALLE, JJ., concur.

[3]. We are not unmindful that the Judiciary "A" Committee of the Legislative Council is presently studying the structure of our judicial system. Perhaps this case will help accentuate the importance of that study.